UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER S. AVERETT, an individual,<br><br>                    Plaintiff,<br><br>        v.<br><br>STATE OF OREGON DEPARTMENT OF REVENUE,<br><br>                    Defendant. | CASE NO. 3:25-cv-05362-TL<br><br>ORDER ON MOTION FOR APPOINTMENT OF COUNSEL |

This matter is before the Court on Plaintiff's Motion for Appointment of Counsel ("Motion"). Dkt. No. 4. Just three weeks after voluntarily dismissing a near-identical complaint pending in this district before Judge David Estudillo, Plaintiff has again sued Defendant alleging Constitutional violations related to his taxation by Oregon while residing in Washington and working in Oregon as a civilian employee of the Department of Veterans' Affairs. *See generally* docket of *Averett v. State of Or. Dept. of Revenue*, No. C25-5166-DGE (W.D. Wash dismissed Apr. 7, 2025), henceforth "C25-5166"; *compare* Dkt. No. 1 (Complaint)*, with* Complaint at 1–7, C25-5166 (Feb. 28, 2025), ECF No. 1. Having reviewed the Motion, its attachments, the

Complaint in this action, and the record in C25-5166, the Court DENIES Plaintiff's Motion for Appointment of Counsel.

"Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (affirming denial of appointment of counsel). Although most *pro se* litigants would benefit from representation by an attorney, that alone does not warrant the appointment of counsel. *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (affirming denial of appointment of counsel), *overruled on other grounds*, 154 F. 3d 952 (9th Cir. 1998) (en banc). However, a court may request an attorney to represent an indigent civil litigant under "exceptional circumstances," pursuant to 28 U.S.C. § 1915(e)(1). *See Palmer*, 560 F.3d at 970. When determining whether "exceptional circumstances" exist, a court must at least consider "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Neither of these considerations is dispositive; they must be viewed together. *Id.*

Having considered the complaint, Plaintiff's Motion, the standard for appointment of counsel for indigent civil litigants, and the procedural history of Plaintiff's claims, the Court finds appointment of counsel to be inappropriate. First, Plaintiff is not proceeding *in forma pauperis* and has not made a showing that he is "unable to afford counsel" as required under 28 U.S.C. § 1915(e)(1). Plaintiff's financial affidavit indicates that he has a net income of $5,200 per month, that his spouse receives an unspecified amount of Supplemental Security Income, and that his assets total at least $67,600. Dkt. No. 4-1 (Financial Affidavit). Although Plaintiff states that "the cost of a lawyer is beyond [his] means," his basis for this assertion is unclear. *Id.* at 2. Indeed, while Plaintiff affirms that he has tried and failed to secure representation in the Vancouver area, his inability to engage private counsel thus far appears due to "no returned calls

from lawyers or law firms" rather than a lack of funds. Dkt. No. 4 at 2. On these facts, the Court is not satisfied that Plaintiff is indigent, that is, that his financial need is sufficient to allow the Court to request appointed counsel.

Even assuming Plaintiff is indigent, he has not demonstrated exceptional circumstances warranting appointment of counsel. First, the likelihood of success on the merits is not apparent. Plaintiff's claims have already been rejected by the Magistrate Division of the Oregon Tax Court; Plaintiff appealed that decision but voluntarily dismissed his appeal. Complaint at 11–14, C25-5166. Plaintiff dismissed his subsequently filed federal case after Defendant filed a motion to dismiss detailing the legal basis for Oregon's taxation of Plaintiff and identifying Constitutional, statutory, and doctrinal bars prohibiting federal courts from exercising subject-matter jurisdiction over Plaintiff's claims. Notice of Voluntary Dismissal, C25-5166 (Apr. 7, 2025), ECF No. 9; *see generally* Defendant's Motion to Dismiss, C25-5166 (Mar. 24, 2025), ECF No. 6.

Defendant has also filed a motion to dismiss this case. *See* Dkt. No. 12. While Plaintiff has not yet had a full opportunity to respond (and accordingly the Court has not reviewed the new motion to dismiss for the purposes of ruling on the Motion to Appoint Counsel), the Complaint and subsequent filings in this case ignore the jurisdictional questions previously raised by Defendant and do nothing to assure the Court that it will have jurisdiction over Plaintiff's claims. As such, Plaintiff has not demonstrated a likelihood that this Court can even reach the merits of his claims, much less that he will succeed there. Further, these legal issues are not complex. In short, Plaintiff does not demonstrate exceptional circumstances warranting the appointment of counsel on his behalf.

//

//

ORDER ON MOTION FOR APPOINTMENT OF COUNSEL - 3

Accordingly, Plaintiff's Motion for Appointment of Counsel (Dkt. No. 4) is DENIED.

Dated this 28th day of May 2025.

_____
Tana Lin
United States District Judge