UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER S. AVERETT, an individual,<br><br>      Plaintiff,<br><br> v.<br><br>STATE OF OREGON DEPARTMENT OF REVENUE,<br><br>      Defendant. | CASE NO. 3:25-cv-05362-TL<br><br>ORDER ON MOTION TO DISMISS |

  This matter is before the Court on Defendant's motion to dismiss. Dkt. No. 12. Having considered the motion, Plaintiff's response (Dkt. No. 20), Defendant's reply (Dkt. No. 23), Plaintiff's complaint (Dkt. No. 1), and the relevant record, the Court GRANTS the motion and DISMISSES this action with prejudice for lack of jurisdiction.

//

//

//

ORDER ON MOTION TO DISMISS – 1

## I.   BACKGROUND

Plaintiff Christopher S. Averett, proceeding pro se, brings this action for injunctive relief, alleging that he is immune from Oregon state taxation and seeking to stop Defendant State of Oregon Department of Revenue ("ODOR") from continuing income tax collection efforts against him. *See* Dkt. No. 1 (complaint) at 6.

The following factual background is drawn from Plaintiff's complaint (Dkt. No. 1); from the attachments thereto (Dkt. No. 1-4), which are incorporated by reference; and from documents filed or issued in previous administrative and court proceedings brough by Plaintiff against ODOR, of which the Court takes judicial notice under Federal Rule of Evidence 201. *See infra* Section II.

Plaintiff is a civilian[1] employee of the Veterans Affairs Medical Center in Portland, Oregon and lives in Vancouver, Washington. Dkt. No. 1 at 5. Between 2017 and at least as recently as 2023, Plaintiff's employer withheld Oregon income tax from Plaintiff's paychecks and paid it to ODOR. *Id*. Notices from ODOR attached by Plaintiff to his complaint indicate— and Plaintiff does not dispute—that for the years 2020, 2021, and 2022, Plaintiff filed amended non-resident Oregon tax returns, listed his Oregon-source income as $0, and received a refund of the Oregon withholding. Dkt. No. 1-4 at 25, 32, 39. However, ODOR rejected an amended return Plaintiff filed for 2019, leading Plaintiff to appeal the decision to an ODOR conference officer, who denied the appeal. Dkt. No. 14 (Request for Judicial Notice) at 12 (Notice of Refund Denial). After this denial, Plaintiff filed an action in the Magistrate Division of the Oregon Tax Court on November 13, 2023. *See* Dkt. No. 14 at 4–15 (Tax Court Magistrate Division

---

[1] While Plaintiff's complaint does not specify that he was a civilian employee, he does not dispute Defendant's characterization of his income as "nonresident civilian income." Dkt. No. 12 at 17; *see generally* Dkt. No. 20. Additionally, the Court takes judicial notice of the fact that Plaintiff was so classified by his employer based on the "Civilian Leave and Earning Statements" Plaintiff presents as an exhibit to his opposition brief. *See* Dkt. No. 20 at 132–38.

Complaint). In the Tax Court action, Plaintiff sought an award equal to the Oregon taxes withheld from his paycheck in 2017, 2018, and 2019, in addition to the expected refund for 2022, which "ha[d] not been returned to the Plaintiff" at that point. *Id.* at 8 ¶ 13; Dkt. No. 14 at 20 ¶ 13 (Tax Court Magistrate Division Amended Complaint). Plaintiff alleged that he was exempt from Oregon taxation for several reasons, including "that compensation as a civilian federal employee is military pay," and thus exempt from Oregon taxation (Dkt. No. 14 at 19–20 ¶ 8), and that Plaintiff's workplace, as federal property, is not an "Oregon source" of income (*id.* at 20 ¶ 11). Plaintiff alleged "serious harm to his Constitution Rights under Article 4, Section 2, Clause 1, The 5th Amendment, The 13th Amendment, and the 14th Amendment." *Id.* ¶ 12.

On September 10, 2024, the Oregon Tax Court Magistrate Division rejected Plaintiff's arguments, ruled that Plaintiff's income was taxable in Oregon, and granted summary judgment for Defendant as to Plaintiff's 2019 taxes. Dkt. No. 14 at 27–32 (Decision, Oregon Tax Court Magistrate Division).

On October 29, 2024, Plaintiff appealed the Oregon Tax Court Magistrate Division's decision to the Oregon Tax Court Regular Division. *Id.* at 33–63 (Tax Court Regular Division Complaint). Plaintiff's Appeal Complaint further outlined his theory that he was exempt from Oregon income tax, asserting, *inter alia*, that Plaintiff holds "federal immunity" from taxation under the Supremacy Clause of the Constitution and that ODOR's taxation of him violates his Fourteenth Amendment Due Process rights. *Id.* at 35 ¶ 1, 36 ¶ 5.

On December 11, 2024, while Plaintiff's appeal was pending, ODOR sent Plaintiff notices informing him that ODOR had reviewed his amended tax returns for 2020, 2021, and 2022, and determined that Plaintiff owed back taxes, interest, and penalties for substantial understatement and frivolous returns. Dkt. No. 1-4 at 15–16 (Statement of Account), 18–21 (Notice of Deficiency), 22–26 (Notice of Deficiency: 2020), 30–35 (Notice of Deficiency: 2021),

37–42 (Notice of Deficiency: 2022). The reviews of each individual year relied on the Tax Court's decision, reading: "The Magistrate Court has determined that your income is not military pay nor are you excluded from filing, reporting and paying tax on this income to the State of Oregon." *Id.* at 25, 32, 39.

On January 31, 2025, Plaintiff filed a motion for voluntary dismissal of his Tax Court Appeal, which was granted by the Tax Court Regular Division, leaving the Tax Court Magistrate Division's decision undisturbed. *See* Dkt. No. 14 at 64–67 (Oregon Tax Court Judgment of Voluntary Dismissal).

On February 28, 2025, Plaintiff brought an action against Defendant in this District, which was assigned to the Honorable David G. Estudillo, Chief United States District Judge. *See* Complaint, *Averett v. Or. Dep't of Rev.*, No. C25-5166 (W.D. Wash. Feb. 28, 2025); Dkt. No. 14 at 68–142 (same). The complaint in that action (hereinafter the "Estudillo case" or "C25-5166") sought injunctive relief (1) preventing ODOR from continuing its collection efforts and (2) "overturning . . . the Magistrate Division Oregon Tax Court ruling . . . ." Dkt. No. 14 at 74. On March 24, 2025, Defendant moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). *See* Defendant's Motion to Dismiss, No. C25-5166 (Mar. 24, 2025); Dkt. No. 14 at 143–167 (same). On April 7, 2025, while the motion to dismiss was pending, Plaintiff filed a notice of voluntary dismissal under Rule 41(a)(1)(A)(i). *See* Notice of Voluntary Dismissal of Action Without Prejudice, No. C25-5166 (Apr. 7, 2025). Chief Judge Estudillo entered an order that acknowledged dismissal of the action "without prejudice" and denied the pending motion to dismiss as moot. *See* Order on Notice of Voluntary Dismissal, No. C25-5166 (Apr. 18, 2025); Dkt. No. 14 at 171.

On April 28, 2025, just three weeks after dismissing the Estudillo case, Plaintiff filed the action that is now before this Court. *See* Dkt. No. 1. The instant complaint is in many respects

identical to the complaint in the Estudillo case. *Compare* Dkt. No. 1 at 6, *with* Complaint, C25-5166, Dkt. No. 1. While the instant complaint again seeks to enjoin ODOR from continuing its collection efforts against Plaintiff, it forgoes an explicit request that this Court overturn the Oregon Tax Court decision and adds information about distraint warrants sent in April 2025. Dkt. No. 1 at 5–7.

In the instant action, Plaintiff alleges that ODOR's collection of income taxes from Plaintiff and its collection efforts (specifically the issuance of distraint warrants) constitute violations of 42 U.S.C. § 1983, 18 U.S.C. § 1341, 38 U.S.C. § 7401, 38 C.F.R. § 17.419, and various constitutional rights. Dkt. No. 1 at 3, 4. Plaintiff asks the Court to enjoin ODOR from continuing tax collection efforts against him. *Id.* at 6.[2] Defendant moves to dismiss the complaint for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim on which relief may be granted pursuant to Rule 12(b)(6). *See* Dkt. No. 12.

## II.    PRELIMINARY MATTER

Defendant requests that the Court take judicial notice, under Federal Rule of Evidence 201, of eight documents filed in the Oregon Tax Court proceedings. Dkt. No. 14. These documents include:

- Exhibit 1: Complaint, *Averett v. Dept. of Rev.*, 230441G, (Or. Tax Ct. Mag. Div. Nov. 13, 2023) (Dkt. No. 14 at 4–15);

- Exhibit 2: Amended Complaint, *Averett*, 230441G (Or. Tax Ct. Mag. Div. Nov. 20, 2023) (*Id.* at 16–26);

- Exhibit 3: Decision, *Averett*, 230441G (Or. Tax Ct. Mag. Div. Sept. 10, 2024) (*Id.* at 27–32);

---

[2] Plaintiff has filed several motions seeking essentially the same relief that he seeks with his complaint. These include his "Motion of Relief from a Judgment or Order" (Dkt. No. 6), which was denied (Dkt. No. 18), and his "Motion for Protective Order and Request for Sanctions" (Dkt. No. 21), which is pending.

- Exhibit 4: Complaint, *Averett v. Dept. of Rev.*, 5475 (Or. Tax Ct. Reg. Div. Oct. 29, 2024) (*Id.* at 33–63);

- Exhibit 5: General Judgment of Voluntary Dismissal Without Prejudice, *Averett*, 5475 (Or. Tax Ct. Reg. Div., Jan. 10, 2025) (Dkt. No. 14 at 64–67);

- Exhibit 6: Complaint, *Averett v. Or. Dept. of Rev.*, C25-5166 (W.D. Wash. Feb. 28, 2025) (*Id.* at 68–142);

- Exhibit 7: Defendant's Motion to Dismiss, *Averett*, C25-5166, (W.D. Wash. Mar. 24, 2025) (*Id.* at 143–167); and

- Exhibit 8: Order on Notice of Voluntary Dismissal, *Averett*, C25-5166, (W.D. Wash. Apr. 18, 2025) (*Id.* at 171).

Dkt. No. 14 at 2–3. Plaintiff opposes this request, arguing that that Defendant "improperly seeks to establish as fact contested matters that are central to Plaintiff's constitutional claims." Dkt. No. 20 at 7. Plaintiff contends that, while these records "may be public documents, . . . the conclusions drawn from them are actively disputed and form the basis of this litigation." *Id.* at 8.

Judicial notice is appropriate for facts that are "not subject to reasonable dispute," meaning they are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Facts capable of accurate and ready determination include documents filed in federal or state courts. *Su v. U.S. Postal Serv.*, 730 F. Supp. 3d 1120, 1127 (D. Or. 2024) (citing *Bennett v. Medtronic, Inc.*, 285 F.3d 801 (9th Cir. 2002)). Although a court may take judicial notice of documents filed in another court, "'it may do so not for the truth of the facts recited therein,' but simply for the fact that the documents exist and were filed, which 'is not subject to reasonable dispute.'" *Id.* (quoting *Briseno v. Bonta*, 621 F. Supp. 3d 1065, 1069 n.3 (C.D. Cal. 2022)).

Given that Defendant has raised jurisdictional concerns based on the procedural history of Plaintiff's past legal actions against ODOR, it is relevant that certain proceedings occurred

and that certain documents were filed in those proceedings. Therefore, the Court will take judicial notice of the documents presented by Defendant, as well as other legal filings cited in this order, for the fact that these documents exist and were filed. Because the Court does not take notice of these documents for the truth of their contents, Plaintiff's objections are unfounded.

### III.  LEGAL STANDARD

A motion to dismiss may be brought where subject-matter jurisdiction is lacking. *See* Fed. R. Civ. P. 12(b)(1). The Court must dismiss a case if it determines that it lacks subject-matter jurisdiction "at any time." Fed. R. Civ. P. 12(h)(3). When a Rule 12(b)(1) motion is filed together with other Rule 12 motions, the Court must generally resolve the question of subject matter jurisdiction before reaching other threshold issues or proceeding to the merits. *See Potter v. Hughes*, 546 F.3d 1051, 1056 n.2 (9th Cir. 2008) (citing *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422 (2007)); *Li v. Chertoff*, 482 F. Supp. 2d 1172, 1175–76 (S.D. Cal. 2007) ("When a motion to dismiss for lack of subject matter jurisdiction is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) motion first." (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001))).

A motion to dismiss for lack of subject-matter jurisdiction may be either a facial attack (challenging the sufficiency of the pleadings) or a factual attack (presenting evidence contesting the truth of the allegations in the pleadings). *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004), *overruled on other grounds by Munoz v. Super. Ct. of L.A. Cnty.*, 91 F.4th 977 (9th Cir. 2024). When a movant does not offer affidavits or other evidence challenging the truth of the allegations in the complaint, the court construes the motion as a facial attack on subject matter jurisdiction, which attacks the sufficiency of the pleadings on their face. *Atkinson v. Aaron's LLC*, 733 F. Supp. 3d 1056, 1063 (W.D. Wash. 2024). When considering "a facial attack on the subject matter jurisdiction of the district court under Rule 12(b)(1)," courts "assume [a]

plaintiff's factual allegations to be true and draw all reasonable inferences in his favor." *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009) (citation modified). "We do not, however, accept the 'truth of *legal* conclusions merely because they are cast in the form of factual allegations.'" *Id.* (quoting *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003)).

## IV.    DISCUSSION

### A.    Dismissal Under Rule 12(b)(1)

Because the parties do not contest the facts of the case, the Court construes the motion to dismiss as a facial attack on the sufficiency of the pleadings.

Ninth Circuit courts have emphasized that subject-matter jurisdiction is a threshold issue that must be resolved before considering other grounds for dismissal. *See, e.g.*, *Pac. Surgical Inst. of Pain Mgmt., Inc. v. Kennedy,* 779 F. Supp. 3d 1148, 1155 (S.D. Cal. 2025) ("If, upon analysis of the Rule 12(b)(1) motion, the court finds it lacks subject matter jurisdiction over the action or a claim pressed therein, it need not address the merits issues raised in the collateral Rule 12(b)(6) motion"); *Bd. of Trs. of Leland Stanford Junior Univ. v. Modual A/C Sys., Inc.*, 54 F. Supp. 2d 965, 967 (N.D. Cal. 1999) (noting that "a Rule 12(b)(1) challenge should be decided before other grounds for dismissal, because they will become moot if dismissal is granted" (citing *Alvares v. Erickson*, 514 F.2d 156, 160 (9th Cir. 1975))).

Defendant argues that this Court lacks subject-matter jurisdiction for four reasons. First, Federal Rule of Civil Procedure 41(a)(1)(B) (the "two-dismissal rule") bars Plaintiff's claim, because Plaintiff "has voluntarily dismissed two actions based on or including the same claim." Dkt. No. 12 at 4. Second, jurisdiction is denied to this Court by the Eleventh Amendment to the United States Constitution, which bars claims against states and their agencies without consent. *Id.* Third, the Tax Injunction Act "bars Plaintiff's requested injunction against the assessment

and collection of a state tax." *Id.* And fourth, the *Rooker–Feldman* doctrine bars Plaintiff's claim, as "it amounts to a request for this Court to overrule a state tax court decision." *Id.*

Although all four of these issues are threshold matters impacting the Court's ability to hear this case, they are not all jurisdictional matters appropriate for a Rule 12(b)(1) motion. Rule 41(a)(1)(B), by identifying certain circumstances under which "a notice of dismissal operates as an adjudication on the merits," is a rule of claim preclusion. *See Ferretti v. Beach Club Maui, Inc.*, No. C18-12, 2018 WL 3078742, at *1 (D. Haw. June 21, 2018). "Preclusion is not a jurisdictional matter." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 282, (2005) (citing Fed. Rule Civ. Proc. 8(c)). Likewise, the Ninth Circuit "ha[s] stated that Eleventh Amendment immunity 'does not implicate a federal court's subject matter jurisdiction in any ordinary sense' and that it 'should be treated as an affirmative defense.'" *Tritchler v. Cnty. of Lake*, 358 F.3d 1150, 1153–54 (9th Cir. 2004) (quoting *ITSI TV Prods., Inc. v. Agric. Ass'ns*, 3 F.3d 1289, 1291 (9th Cir. 1993). At the pleadings stage, Rule 12(b)(6), not Rule 12(b)(1), is the appropriate vehicle for a motion to dismiss based on either claim preclusions, *see Ferretti*, 2018 WL 3078742, at *1, or Eleventh Amendment immunity, *see Steshenko v. Gayrard*, 44 F. Supp. 3d 941, 949 (N.D. Cal. 2014) (collecting cases). Accordingly, the Court considers Defendant's arguments regarding the two-dismissal rule and Eleventh Amendment immunity to be arguments for dismissal under Rule 12(b)(6), to be addressed, if necessary, after the jurisdictional arguments.

### 1. The Tax Injunction Act

The Tax Injunction Act (the "Act"), 28 U.S.C. § 1341, limits federal court jurisdiction over state tax matters. Under the Act, federal district courts "shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341.

The Ninth Circuit has defined a "plain, speedy, and efficient remedy" under the Act as a state court remedy that provides taxpayers with a full hearing and judicial determination where they can raise all objections to the tax as well as a scheme that allows taxpayers to pay the tax under protest and then appeal to the state for a refund. *See Online Merchs. Guild v. Maduros*, 52 F.4th 1048, 1052–53 (9th Cir. 2022).

Here, Plaintiff seems to suggest that the Tax Injunction Act does not bear on the present case because "the Act does not apply where the underlying state action is void ab initio for lack of jurisdiction" over the taxpayer. Dkt. No. 20 at 9. But Plaintiff cites no authority for this assertion, and the Supreme Court has held that the Act bars district court jurisdiction over constitutional objections to taxation if the state remedy or remedies allow plaintiffs to raise their constitutional claims. *California v. Grace Brethren Church*, 457 U.S. 393, 411–12 (1982) (citing *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 514 (1981)).

In considering Oregon's tax remedies, courts in this Circuit regularly describe them as "plain, speedy, and efficient" or otherwise find them sufficient to foreclose any exception to the Tax Injunction Act. *See, e.g.*, *Darby v. Hicks*, No. C24-923, 2024 WL 4453649, at *3 (D. Or. Sept. 17, 2024), *report and recommendation adopted,* 24 WL 4453576 (Oct. 9, 2024), *reconsideration denied,* 2024 WL 4574366 (Oct. 24, 2024); *Donaldson v. Williams*, No. C12-80, 2012 WL 5398307, at *8 (D. Or. Sept. 6, 2012), *report and recommendation adopted,* 2012 WL 5398217; *Riddle v. I.R.S.*, No. C04-415, 2004 WL 1919991, at *3 (D. Or. Aug. 26, 2004); *see also Brown v. Graham*, 169 F. Supp. 397, 401–02 (D. Or. 1959) (in action by federal employees whose work straddled the Oregon–Washington border, court found "the statutes and administrative acts of the State of Oregon . . . provide for an opportunity . . . to be heard by the State Tax Commission, administratively, and by the Courts of the State of Oregon, judicially," and suggested question of whether Oregon provided "plain, speedy, and efficient" remedy would

not be ripe until state remedies were exhausted). Oregon provides a procedure for claiming refund of excess taxes paid, Or. Rev. Stat. § 305.270, an administrative appeal process, *id.*, and a dedicated tax court for judicial appeals, *see* Or. Rev. Stat. § 305.404–305.575.

Indeed, Plaintiff availed himself of both his administrative and judicial remedies by speaking with an ODOR Conference Officer, appealing that officer's decision to the Magistrate Division of the Oregon Tax Court, and then appealing that court's decision to the Regular Division of the Oregon Tax Court, raising constitutional objections along the way. If Plaintiff is "unhappy with actions taken by the ODOR and the Oregon Tax Court, he has (or had) an adequate remedy available through review by the Oregon Supreme Court." *Riddle*, 2004 WL 1919991, at *3. However, "to the extent [Plaintiff] challenges the assessment or collection of a tax by ODOR, this court lacks subject matter jurisdiction over his claims." *Id.*

Therefore, the Tax Injunction Act applies, and this Court lacks jurisdiction to order the injunctive relief Plaintiff seeks—either is his complaint or in his pending Motion for Protective Order and Request for Sanctions, which also asks the Court to enjoin (and sanction) Defendant's tax-collection efforts. *See* Dkt. No. 21.

### 2. The *Rooker–Feldman* Doctrine

The *Rooker–Feldman* doctrine prohibits federal district courts from hearing cases that seek to appeal or overturn state court decisions. *Garduno v. Autovest LLC*, 143 F. Supp. 3d 923, 925–926 (D. Ariz. 2015). Plaintiff appears to suggest that the *Rooker–Feldman* doctrine does not apply here because the "case does not seek review or reversal of any state court decision. Rather, it challenges new constitutional violations." Dkt. No. 20 at 10. However, the Ninth Circuit has recognized that "[t]he doctrine also precludes a federal district court from exercising jurisdiction over general constitutional challenges that are 'inextricably intertwined' with claims asserted in state court." *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002). "A

claim is inextricably intertwined with a state court judgment if 'the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.'" *Id.* (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring)).

With the instant complaint, Plaintiff seeks a ruling that Oregon lacks jurisdiction to tax his income earned in Oregon. *See* Dkt. No. 1 at 5–6. All his claims are dependent on such a finding, which would necessarily contradict the Magistrate Division of the Oregon Tax Court's ruling that "[b]ecause Plaintiff's income was earned in Oregon and was not compensation for service in the U.S. Armed Forces, it is subject to tax . . . ." Dkt. No. 14 at 31. As such, overturning a state court decision would be the de facto result should this Court rule in Plaintiff's favor on any of Plaintiff's claims. Therefore, the *Rooker–Feldman* doctrine prevents this Court from exercising jurisdiction over this case.

*   *   *

For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction over this action and GRANTS Defendant's Rule 12(b)(1) motion on that basis. Because jurisdiction is lacking, the Court declines to address Defendant's arguments for dismissal under Rule 12(b)(6), including those regarding the two-dismissal rule and Eleventh Amendment Immunity.

B.   **Whether Amendment is Futile**

While courts typically allow plaintiffs proceeding pro se to cure deficiencies before dismissing their claims outright, that is not the case where "it is absolutely clear that the deficiencies . . . could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988)). Here, the Court has no jurisdiction over the claims Plaintiff asserts, and the legal questions at issue have already been resolved. These deficiencies cannot be cured by allowing Plaintiff to amend his complaint.

## V. CONCLUSION

Accordingly, Defendant's motion to dismiss (Dkt. No. 12) is GRANTED, and Plaintiff's claims are DISMISSED with prejudice. Plaintiff's Motion for Protective Order and Request for Sanctions (Dkt. No. 21) is DENIED AS MOOT.

Dated this 18th day of December, 2025.

Tana Lin
United States District Judge